UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIM. NO. 5:13-CR-60(CAR) |
| ARTHUR GERALD REID | : |

Filed at 9:45 A M
12/23, 2013
[Deputy Clerk signature]
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and ARTHUR GERALD REID, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the [Superseding Information] ~~Indictment~~ against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's

1

own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count ~~Four~~ One of the ~~Indictment~~ Superseding Information which charges Defendant with Sex Trafficking of Children, in violation of Title 18, United States Code, Section 1591(a).

(B) That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count ~~Four~~ One to a maximum

2

sentence of life imprisonment, with a mandatory minimum term of ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of at least five (5) years and up to lifetime supervision.  Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

The Defendant also understands that following his conviction and sentencing in this matter he will be required to register as a sex offender, and that failure to do so and to keep his registration updated could subject him to further prosecution pursuant to 18 U.S.C. § 2250 ("Failure to Register").

(C)  The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)  The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed.  The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein.  The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to



the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a Defendant's sentence.  But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court.  However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence.  In the event that the Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b).  If, however, the United States Attorney appeals the Defendant's sentence pursuant to this statute, the Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H)   Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing.  The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(I)   The United States of America and Defendant hereby agree that any breach of this agreement by the Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the Indictment, would: (a) not relieve the Defendant of Defendant's plea of guilty; (b) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Indictment; (c) permit the Government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the Government to utilize against the Defendant in any subsequent judicial proceeding any and all statements made by the Defendant.  If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia.  The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence.  The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

5

(J)  Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)  That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count One of the Superseding Information.

(B)  That he further agrees, pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, to move the Court at the time of sentencing to dismiss Counts One through Three and Counts Five through Seven of the Indictment.

6

(C)     That he further agrees, if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court.  If the defendant is not completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range.  If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence.  In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government.  Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion.  In addition, should the defendant fail to cooperate truthfully and completely with the Government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.



(D)   Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation.  This does not restrict the government's use of information previously known or independently obtained for such purposes.

(E)   If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance.  It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility.  The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

8

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On September 28, 2012, Victim #1, a Houston County, Georgia missing juvenile was recovered and interviewed by Georgia Bureau of Investigation Special Agents Renea Green ("SA Green") and Sara Thomas ("SA Thomas"). Victim #1 related that

she had run away from home in September 2011 and met Defendant, whom she knew as "Blue." During this time, the Defendant prostituted Victim #1 out of motel rooms. The Defendant would pay for the motel room in his name. While in Macon, Georgia, Victim #1 was prostituted out of the Economy Inn, September 2011; ▮▮▮▮▮▮▮▮▮▮ and Motel 6, July 10, 2012. Victim #1 also went with Defendant to Tybee Island, Georgia for the purposes of prostitution. The money she earned from prostitution paid for an apartment in Macon for Defendant.

Defendant utilized backpage.com to advertise Victim #1's prostitution services. Defendant was physically violent toward her. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

On February 26, 2013, SA Green contacted the Bibb County Sheriff's Department Vice Unit ("Bibb SO") in reference to Victim #1. SA Green had information that Victim #1 was again engaged in prostitution with her services advertised on backpage.com. Bibb SO Sergeant Mike Jones ("Sergeant Jones") was provided with a Houston County Juvenile Court Pick-Up Order. Through the use of a Confidential Informant and Victim #1's advertisement on backpage.com, Sergeant Jones determined her location to be the Days Inn Motel located at 6000 Harrison Road, Macon, Georgia.

Upon arrival, Sergeant Jones observed a vehicle drive around the motel twice before parking on the backside of the motel. The driver of the vehicle entered a room on the first floor and exit a few minutes later. Sergeant Jones made contact with the driver who related there was a black female inside the room that he had contacted through backpage.com. This female was identified as Victim #2, a juvenile. She related that

10

Victim #1 was in room 228 or 319 with another juvenile and a male she identified as "Boopy," a pimp who uses backpage.com. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Victim #2 informed officers "Boopy" kept this gun in the air conditioning unit of the room.

According to motel records, rooms 228 and 319 had been rented by Defendant with a recorded address of 1207 James Street, Macon, Georgia. A check of jail records showed an Arthur Reid with a recorded address of 1207 James Street and the nickname of "Boopy."

With the assistance of patrol deputies, Sergeant Jones knocked on the door to room 228. A black male later identified as Defendant opened the door. Victim #1 was visible through the open door. Also present were two other females, Jada Avery, an adult female, and Victim #3, a juvenile. Also located within the room inside the air conditioning unit was the gun described by Victim #2. This gun was determined by officers to be a replica semi-automatic BB gun.

Victim #1 related to officers on scene that Defendant was her pimp. Victim #1 also showed officers a picture on her cellular phone of her and Victim #2 and Victim #3 naked in a bathtub taken by Defendant and sent to her by Defendant. She added that the same picture and a video of the three juveniles in the bathtub would be on the Defendant's cellular telephone.



11



(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this __19th__ day of __December__, 2013.


MICHAEL J. MOORE
UNITED STATES ATTORNEY


BY: _____
JULIA C. BOWEN
ASSISTANT UNITED STATES ATTORNEY

12



...

I, ARTHUR GERALD REID, have read this agreement and had this agreement read to me by my attorney, CHARLES E. COX, JR. I have discussed this agreement with my attorney, and I fully understand it and agree to its terms.

_____
ARTHUR GERALD REID
DEFENDANT

I, CHARLES E. COX, JR., attorney for Defendant ARTHUR GERALD REID, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
CHARLES E. COX, JR.
ATTORNEY FOR DEFENDANT