IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**ARTHUR GERALD REID**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

Criminal Case No. 5:13-CR-60 (HL)

## ORDER

Before the Court is Petitioner Arthur Gerald Reid's Motion for Relief from Judgment or Order. (Doc. 100). Petitioner moves the Court pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) to vacate his conviction for sex trafficking of children. (Id.). Petitioner contends his conviction is the result of "plain error" as sex trafficking of children does not qualify as a crime of violence under 18 U.S.C. § 16(A). For the following reasons, the Court **DISMISSES** Petitioner's motion for lack of jurisdiction.

On December 23, 2015, Petitioner pled guilty pursuant to a written plea agreement to sex trafficking of children, in violation of 18 U.S.C. § 1591(a). (Docs. 24, 27). The Court sentenced Petitioner to a term of imprisonment of 360 months, followed by ten years supervised release. (Doc. 59). The Court entered Judgment on March 24, 2015. (Doc. 59). Petitioner waived his right to appeal. (Doc. 61).

Petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255 on March 22, 2016, asserting that his trial counsel was ineffective. (Doc. 66). The Court denied Petitioner's § 2255 motion and denied a certificate of appealability ("COA"). (Docs. 75, 79). The Court concluded that Petitioner failed to meet the standard set forth in Strickland v. Washington, 466 U.S. 669 (1984), and that Petitioner otherwise had waived his right to collateral attack through his voluntary plea agreement. (Id.). The Eleventh Circuit also denied a COA. (Doc. 91).

Petitioner filed his second § 2255 motion on April 13, 2023. (Doc. 94). The Court dismissed Petitioner's motion for lack of jurisdiction as Petitioner had not obtained prior authorization from the Eleventh Circuit to file a second or successive § 2255 motion. (Docs. 95, 96). Petitioner now attempts to challenge his conviction a third time through this motion for relief from judgment under Rule 60(b).

Rule 60 provides a limited basis for a litigant to seek relief from a final judgment. Fed. R. Civ. P. 60(b). Generally, Rule 60(b) does not provide relief from judgment in a criminal case. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). However, a Rule 60(b) motion may in some limited circumstances provide relief from an earlier denial of a habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). But where a petitioner has previously been denied habeas relief

2

and subsequently files a Rule 60(b) motion that (1) "seeks to add a new ground for relief" or (2) "attacks the federal court's previous resolution of a claim on the merits," the motion must be treated as a successive habeas petition. Id. (emphasis omitted).

Because Petitioner has previously been denied habeas relief (Docs. 79, 80), and because Petitioner seeks to assert a new ground for relief, his Rule 60(b) motion must be construed as a second or successive habeas petition. Absent prior authorization from the Eleventh Circuit, this Court lacks jurisdiction to entertain Petitioner's motion. 28 U.S.C. § 2255(h). Petitioner's motion is therefore **DISMISSED** for lack of jurisdiction.

"Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, . . ., it also lacks jurisdiction to grant a COA." Williams v. Chatman, 510 F.3d 1290, 1294 (11th Cir. 2007) (citing Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1317 (11th Cir. 2004) (vacating a COA granted by the district court, which lacked subject matter jurisdiction over the prisoner's Rule 60(b) motion)). Accordingly, no COA shall be issued.

**SO ORDERED**, this the 5th day of March, 2024.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks