IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.

NO. 5:13-CR-60-001(TES)

Arthur Gerald Reid

## ORDER DENYING MOTION FOR SENTENCE REDUCTION, PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE

On March 14, 2024, defendant Arthur Gerald Reid moved the Court for "compassionate release," pursuant to 18 U.S.C. § 3582(c)(1), and appointment of counsel. For the following reasons, Reid's motions (Docs. 102 and 103) are **DENIED**.

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court. Before the Act, compassionate release was available only upon a motion from the Director of the Bureau of Prisons. However, the amended statute provides once a movant has established that he has fully exhausted his administrative rights, a Court may reduce a term of imprisonment if, after considering the 18 U.S.C. § 3553(a) factors, it finds compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG §1B1.13. To give Reid the greatest possible scope of review, the Court has assumed that its discretion to find extraordinary and compelling reasons is not limited by the policy statements.

Reid argues compassionate release is appropriate because his sentence of 360 months was unusually long and his offense is no longer considered a violent crime; he has served one hundred and thirty-one (131) months of the sentence; and he has rehabilitated himself by completing programs and maintaining the "highest grade level job" while in the Bureau of Prisons. Reid demonstrated he applied for administrative relief on February 7, 2024; however, that request was denied by the Warden.

1

The Court disagrees with Reid's conclusion that his sentence was unnecessarily long or that his offense of conviction, Sex Trafficking of Children, in violation of 18 U.S.C. §§ 1591(a) and (b)(2), is no longer a violent crime. The evidence in this case reveals Reid sex trafficked three (3) minors. He accomplished this by keeping them at a hotel where he took sexually explicit photographs of them and "advertised them" on at least fifteen (15) websites. One 14-year-old victim, "N.B.", told agents Reid, "was often violent towards her and had even threatened to kill her." (*See* the Presentence Investigation Report, Doc. 56, at paragraph 9.) Another victim advised Reid was their "pimp" and set prices for sex acts with the minors ($60.00 for fifteen minutes, $100.00 for thirty minutes, and $150.00 for one hour). Reid provided the minors with alcohol and marijuana and maintained what they believed was a gun in a hotel room that was later determined to be a "replica" semi-automatic bb gun. On at least one occasion, Reid transported a minor from Macon, Georgia, to Tybee Island, Georgia, for purposes of conducting a sex act.

At sentencing, the Court determined the Total Offense Level was 36. Reid's subtotal criminal history score was 14; two points were added for being under a criminal justice sentence, yielding a score of 16 and a Criminal History Category of VI. On November 1, 2023, the sentencing guidelines were amended and became retroactive effective February 1, 2024, and reduced the number of points assessed from two points to one point if the defendant was under a criminal justice sentence at the time he committed the instant offense. USSG §4A1.1(e). In Reid's case, the amendment would result in a total criminal history score of 15; however, the Criminal History Category would remain VI. Pursuant to USSG § 1B1.10(a)(2) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range.

Contrary to Reid's assertion, the offense of conviction remains a violent offense and the applicable guideline range remains 324 months to 405 months based upon a Total Offense Level of 36 and Criminal History Category VI. At sentencing, the Court explained a sentence near the middle of the applicable guideline range was imposed based upon the "seriousness of the crimes and the defendant's extensive criminal history." Having examined the record and given considerable attention to the sentencing factors at 18 U.S.C. § 3553(a), the Court finds the sentence imposed to be reasonable and necessary to reflect the nature and circumstances of the offense and the history and characteristics of the

2

defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to future criminal conduct; and to protect the public from future crimes Reid may commit.

Accordingly, the Court finds Reid's motion fails to provide extraordinary and compelling reasons to warrant relief and finds Reid has failed to establish he does not pose a danger to the community if released. His completion of various educational courses does not outweigh the nature and circumstances of the offense, which the Court finds to be particularly egregious and violent. Regarding Reid's request for appointment of counsel, there is no constitutional or statutory right to appointment of counsel for a motion to modify an imposed term of imprisonment under 18 U.S.C. § 3582(c).

SO ORDERED, this _____9_____ day of September, 2024.

Tilman E. Self, III
United States District Judge